FILED
2026 Jul-21 PM 05:18
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| MARCELLUS PAYNE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 2:26-cv-00644-ACA |
| THE LINCOLN NATIONAL | ) | |
| LIFE INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

# ANSWER

Defendant The Lincoln National Life Insurance Company ("Lincoln") answers the Complaint filed by Plaintiff Marcellus Payne ("Plaintiff") and alleges as follows:

## FOR A FIRST DEFENSE

1. Lincoln admits that this action is brought under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et seq. and that Plaintiff seeks to recover long-term disability ("LTD") benefits from the Eissmann Automotive North America Group Disability Plan (the "Plan") under 29 U.S.C. § 1132(a), along with other damages and attorneys' fees under 29 U.S.C. § 1132(g), but Lincoln denies that Plaintiff is entitled to any such relief. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 1 of the Complaint.

2. Lincoln admits that it issued a Group Disability Insurance Policy ("Policy") to Eissmann Automotive North America ("Eissmann"), which Policy, at certain times, insured, at least in part, benefits from the Plan. Lincoln admits that the Policy that governs Plaintiff's claim for benefits that is the subject of the above-styled action includes language pertaining to the definition of "Disability" and "Disabled" as applicable to a participant's claim for LTD benefits from the Plan under the Policy, and Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 2 of the Complaint.

3. Lincoln admits that Plaintiff was, at certain times, employed by Eissmann and that Plaintiff's last day of work at Eissmann was February 5, 2025. Lincoln admits that documents containing medical complaints and treatment of Plaintiff are contained in the administrative record upon which Plaintiff's claim for LTD benefits from the Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 3 of the Complaint.

4. Lincoln admits that it sent letters to Plaintiff dated May 27, 2025, October 21, 2025, and March 24, 2026, and Lincoln refers to the letters themselves

as the best evidence of their contents. Lincoln denies all remaining allegations contained in Paragraph 4 of the Complaint.

5. Lincoln admits that it sent letters to Plaintiff dated May 27, 2025, October 21, 2025, and March 24, 2026, and Lincoln refers to the letters themselves as the best evidence of their contents. Lincoln further admits only that its decisions on Plaintiff's claim for benefits were based on the administrative record upon which Plaintiff's claim for LTD benefits from the Plan under the Policy was evaluated by Lincoln and that such decisions are governed by the terms of the Policy. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 5 of the Complaint.

6. Lincoln admits that it issued the Policy to Eissmann, and that Lincoln was, at certain times, the claim administrator for benefits from the Plan under the Policy that is the subject of the above-styled action. Lincoln denies all remaining allegations contained in Paragraph 6 of the Complaint.

7. Lincoln admits that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeal prerequisite to bringing a claim for recovery of LTD benefits from the Plan under the Policy under 29 U.S.C. § 1132(a)(1)(B). Lincoln specifically denies, however, that administrative remedies

were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during the administrative review process. Lincoln denies all remaining allegations contained in Paragraph 7 of the Complaint.

8. Lincoln admits that the claim file contains all documents that would be part of the administrative record that the Court will consider in deciding whether Lincoln's decision with regard to Plaintiff's claim for benefits from the Plan under the Policy was arbitrary or capricious. Lincoln denies all remaining allegations contained in Paragraph 8 of the Complaint.

9. Lincoln admits that this Court has jurisdiction over this matter, but specifically denies, however, that the bringing of this action or the recitation of jurisdictional bases gives rise to any inference that Plaintiff is entitled to any remedy or relief against Lincoln. Lincoln admits that the Plan is an employee welfare benefit plan as defined under ERISA. Lincoln denies all remaining allegations contained in Paragraph 9 of the Complaint.

10. Lincoln admits that venue is appropriate in this Court and that Lincoln is a lawfully incorporated insurance company that lawfully conducts business in the State of Alabama. Lincoln is without sufficient knowledge to either admit or deny Plaintiff's current residence and, accordingly, denies this and all remaining allegations contained in Paragraph 10 of the Complaint.

11. Lincoln admits that Plaintiff was, at certain times, employed by Eissmann and that due to such employment was, at certain times, a participant in the Plan. Lincoln is without sufficient knowledge to either admit or deny Plaintiff's current residence and, accordingly, denies this and all remaining allegations contained in Paragraph 11 of the Complaint.

12. Lincoln admits that it issued the Policy to Eissmann, and that Lincoln was, at certain times, the claim administrator for benefits from the Plan under the Policy that is the subject of the above-styled action. Lincoln denies all remaining allegations contained in Paragraph 12 of the Complaint.

13. Lincoln admits that the Plan is an employee welfare benefit plan as defined under ERISA. Lincoln denies all remaining allegations contained in Paragraph 13 of the Complaint.

14. Lincoln admits that it issued the Policy to Eissmann, and that Lincoln was, at certain times, the claim administrator for benefits from the Plan under the Policy that is the subject of the above-styled action. Lincoln denies all remaining allegations contained in Paragraph 14 of the Complaint.

15. Lincoln denies the allegations contained in Paragraph 15 of the Complaint.

16. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 16 of the Complaint.

17. Lincoln admits that the Policy that governs Plaintiff's claim for benefits that is the subject of the above-styled action includes language pertaining to the definition of "Disability" and "Disabled" as applicable to a participant's claim for LTD benefits from the Plan under the Policy, and Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 17 of the Complaint.

18. Lincoln admits that the Policy that governs Plaintiff's claim for benefits that is the subject of the above-styled action includes language pertaining to the definition of "Main Duties" and "Material and Substantial Duties" as applicable to a participant's claim for LTD benefits from the Plan under the Policy, and Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 18 of the Complaint.

19. Lincoln admits that the Policy that governs Plaintiff's claim for benefits that is the subject of the above-styled action includes language pertaining to the definition of "Own Occupation" as applicable to a participant's claim for LTD benefits from the Plan under the Policy, and Lincoln refers to the Policy itself

as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 19 of the Complaint.

20. Lincoln admits that the Policy that governs Plaintiff's claim for benefits that is the subject of the above-styled action includes language pertaining to the definitions of "Disability" and "Disabled," "Own Occupation," and "Main Duties" and "Material and Substantial Duties" as applicable to a participant's claim for LTD benefits from the Plan under the Policy, and Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 20 of the Complaint.

21. To the extent that the allegations contained in Paragraph 21 of the Complaint seek to interpret the Policy, Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 21 of the Complaint.

22. To the extent that the allegations contained in Paragraph 22 of the Complaint seek to interpret the Policy, Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 22 of the Complaint.

23. Lincoln admits that the Policy includes language pertaining to discretionary authority, and Lincoln refers to the Policy itself as the best evidence

of its contents. To the extent that the allegations contained in Paragraph 23 seek to interpret the provisions of the Policy, Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 23 of the Complaint.

24. To the extent the allegations contained in Paragraph 24 of the Complaint contain legal conclusions, Lincoln is not required to respond. To the extent that a response is required, Lincoln admits only that its decisions on Plaintiff's claim for benefits were based on the administrative record upon which Plaintiff's claim for LTD benefits from the Plan under the Policy was evaluated by Lincoln and that such decisions are governed by the terms of the Policy. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 24 of the Complaint.

25. Lincoln admits only that its decisions on Plaintiff's claim for benefits were based on the administrative record upon which Plaintiff's claim for LTD benefits from the Plan under the Policy was evaluated by Lincoln and that such decisions are governed by the terms of the Policy. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 25 of the Complaint.

26. Lincoln admits only that its decisions on Plaintiff's claim for benefits were based on the administrative record upon which Plaintiff's claim for LTD benefits from the Plan under the Policy was evaluated by Lincoln and that such decisions are governed by the terms of the Policy. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 26 of the Complaint.

27. Lincoln admits only that its decisions on Plaintiff's claim for benefits were based on the administrative record upon which Plaintiff's claim for LTD benefits from the Plan under the Policy was evaluated by Lincoln and that such decisions are governed by the terms of the Policy. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 27 of the Complaint.

28. Lincoln admits that Plaintiff was, at certain times, employed by Eissmann as a Business Leadership/Managing Director and was, at certain times, a participant in the Plan. Lincoln denies all remaining allegations contained in Paragraph 28 of the Complaint.

29. Lincoln admits that certain documents concerning Plaintiff's job description at Eissmann are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence

of its contents. Lincoln denies all remaining allegations contained in Paragraph 29 of the Complaint.

30. Lincoln admits that certain documents concerning Plaintiff's job description at Eissmann are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 30 of the Complaint.

31. To the extent that Plaintiff is relying on documents that are not contained in the administrative record upon which Plaintiff's claim for LTD benefits from the Plan under the Policy was evaluated by Lincoln, Lincoln states that the Court's review in this action is limited to the administrative record and refers to the administrative record itself as the best evidence of its contents. Lincoln admits that certain documents concerning Plaintiff's own occupation at Eissmann are contained in the administrative record upon which Plaintiff's claim for LTD benefits from the Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 31 of the Complaint.

32. To the extent that Plaintiff is relying on documents that are not contained in the administrative record upon which Plaintiff's claim for LTD benefits from the Plan under the Policy was evaluated by Lincoln, Lincoln states that the Court's review in this action is limited to the administrative record and refers to the administrative record itself as the best evidence of its contents. Lincoln admits that certain documents concerning Plaintiff's own occupation at Eissmann are contained in the administrative record upon which Plaintiff's claim for LTD benefits from the Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 32 of the Complaint.

33. To the extent that Plaintiff is relying on documents that are not contained in the administrative record upon which Plaintiff's claim for LTD benefits from the Plan under the Policy was evaluated by Lincoln, Lincoln states that the Court's review in this action is limited to the administrative record and refers to the administrative record itself as the best evidence of its contents. Lincoln admits that certain documents concerning Plaintiff's own occupation at Eissmann are contained in the administrative record upon which Plaintiff's claim for LTD benefits from the Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its

contents. Lincoln denies all remaining allegations contained in Paragraph 33 of the Complaint.

34. Lincoln admits that the Policy that governs Plaintiff's claim for benefits that is the subject of the above-styled action includes language pertaining to the definitions of "Disability" and "Disabled," "Own Occupation," and "Main Duties" and "Material and Substantial Duties" as applicable to a participant's claim for LTD benefits from the Plan under the Policy, and Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln admits that certain documents concerning Plaintiff's own occupation at Eissmann are contained in the administrative record upon which Plaintiff's claim for LTD benefits from the Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 34 of the Complaint.

35. To the extent that Plaintiff is relying on documents that are not contained in the administrative record upon which Plaintiff's claim for LTD benefits from the Plan under the Policy was evaluated by Lincoln, Lincoln states that the Court's review in this action is limited to the administrative record and refers to the administrative record itself as the best evidence of its contents. Lincoln admits that certain documents concerning Plaintiff's own occupation at Eissmann are contained in the administrative record upon which Plaintiff's claim

for LTD benefits from the Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 35 of the Complaint.

36. To the extent that the allegations contained in Paragraph 36 of the Complaint seek to interpret the Policy, Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 36 of the Complaint.

37. Lincoln admits that the Policy that governs Plaintiff's claim for benefits that is the subject of the above-styled action includes language pertaining to the definitions of "Disability" and "Disabled," "Own Occupation," and "Main Duties" and "Material and Substantial Duties" as applicable to a participant's claim for LTD benefits from the Plan under the Policy, and Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln admits that certain documents concerning Plaintiff's own occupation at Eissmann are contained in the administrative record upon which Plaintiff's claim for LTD benefits from the Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 37 of the Complaint.

38. Lincoln admits that the Policy that governs Plaintiff's claim for benefits that is the subject of the above-styled action includes language pertaining to the definitions of "Disability" and "Disabled," "Own Occupation," and "Main Duties" and "Material and Substantial Duties" as applicable to a participant's claim for LTD benefits from the Plan under the Policy, and Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln admits that certain documents concerning Plaintiff's own occupation at Eissmann are contained in the administrative record upon which Plaintiff's claim for LTD benefits from the Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 38 of the Complaint.

39. To the extent that Plaintiff is relying on documents that are not contained in the administrative record upon which Plaintiff's claim for LTD benefits from the Plan under the Policy was evaluated by Lincoln, Lincoln states that the Court's review in this action is limited to the administrative record and refers to the administrative record itself as the best evidence of its contents. Lincoln admits that certain documents concerning Plaintiff's own occupation at Eissmann are contained in the administrative record upon which Plaintiff's claim for LTD benefits from the Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its

contents. Lincoln denies all remaining allegations contained in Paragraph 39 of the Complaint.

40. Lincoln admits that documents containing medical complaints and treatment of Plaintiff are contained in the administrative record upon which Plaintiff's claim for LTD benefits from the Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 40 of the Complaint.

41. Lincoln admits that documents containing medical complaints and treatment of Plaintiff are contained in the administrative record upon which Plaintiff's claim for LTD benefits from the Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 41 of the Complaint.

42. Lincoln admits that documents containing medical complaints and treatment of Plaintiff are contained in the administrative record upon which Plaintiff's claim for LTD benefits from the Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 42 of the Complaint.

43. Lincoln admits that documents containing medical complaints and treatment of Plaintiff are contained in the administrative record upon which Plaintiff's claim for LTD benefits from the Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 43 of the Complaint.

44. Lincoln admits that documents containing medical complaints and treatment of Plaintiff are contained in the administrative record upon which Plaintiff's claim for LTD benefits from the Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 44 of the Complaint.

45. Lincoln admits only that its decisions on Plaintiff's claim for benefits were based on the administrative record upon which Plaintiff's claim for LTD benefits from the Plan under the Policy was evaluated by Lincoln and that such decisions are governed by the terms of the Policy. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 45 of the Complaint.

46. Lincoln admits only that its decisions on Plaintiff's claim for benefits were based on the administrative record upon which Plaintiff's claim for LTD

benefits from the Plan under the Policy was evaluated by Lincoln and that such decisions are governed by the terms of the Policy. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 46 of the Complaint.

47. Lincoln admits that physician peer reviews are contained in the administrative record upon which Plaintiff's claim for LTD benefits from the Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 47 of the Complaint.

48. Lincoln admits that physician peer reviews are contained in the administrative record upon which Plaintiff's claim for LTD benefits from the Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 48 of the Complaint.

49. Lincoln admits that physician peer reviews are contained in the administrative record upon which Plaintiff's claim for LTD benefits from the Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies that it violated any

provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 49 of the Complaint.

50. Lincoln admits that physician peer reviews are contained in the administrative record upon which Plaintiff's claim for LTD benefits from the Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 50 of the Complaint.

51. Lincoln admits that physician peer reviews are contained in the administrative record upon which Plaintiff's claim for LTD benefits from the Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 51 of the Complaint.

52. Lincoln admits that physician peer reviews are contained in the administrative record upon which Plaintiff's claim for LTD benefits from the Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 52 of the Complaint.

53. Lincoln admits that physician peer reviews are contained in the administrative record upon which Plaintiff's claim for LTD benefits from the Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 53 of the Complaint.

54. Lincoln admits that physician peer reviews are contained in the administrative record upon which Plaintiff's claim for LTD benefits from the Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 54 of the Complaint.

55. Lincoln admits that physician peer reviews are contained in the administrative record upon which Plaintiff's claim for LTD benefits from the Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 55 of the Complaint.

56. Lincoln admits that physician peer reviews are contained in the administrative record upon which Plaintiff's claim for LTD benefits from the Plan

under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 56 of the Complaint.

57. Lincoln admits that physician peer reviews are contained in the administrative record upon which Plaintiff's claim for LTD benefits from the Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 57 of the Complaint.

58. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 58 of the Complaint.

59. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 59 of the Complaint.

60. To the extent that the allegations contained in Paragraph 60 of the Complaint seek to interpret the Policy, Lincoln refers to the Policy itself as the best evidence of its contents. To the extent the allegations contained in Paragraph 60 of the Complaint contain legal conclusions, Lincoln is not required to respond. To

the extent that a response is required, Lincoln further admits only that its decisions on Plaintiff's claim for benefits were based on the administrative record upon which Plaintiff's claim for LTD benefits from the Plan under the Policy was evaluated by Lincoln and that such decisions are governed by the terms of the Policy. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 60 of the Complaint.

61. To the extent that the allegations contained in Paragraph 61 of the Complaint seek to interpret the Policy, Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln further admits only that its decisions on Plaintiff's claim for benefits were based on the administrative record upon which Plaintiff's claim for LTD benefits from the Plan under the Policy was evaluated by Lincoln and that such decisions are governed by the terms of the Policy. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 61 of the Complaint.

62. To the extent that the allegations contained in Paragraph 62 of the Complaint seek to interpret the Policy, Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln further admits only that its decisions on Plaintiff's claim for benefits were based on the administrative record upon which

Plaintiff's claim for LTD benefits from the Plan under the Policy was evaluated by Lincoln and that such decisions are governed by the terms of the Policy. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 62 of the Complaint.

63. To the extent that the allegations contained in Paragraph 63 of the Complaint seek to interpret the Policy, Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln further admits only that its decisions on Plaintiff's claim for benefits were based on the administrative record upon which Plaintiff's claim for LTD benefits from the Plan under the Policy was evaluated by Lincoln and that such decisions are governed by the terms of the Policy. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 63 of the Complaint.

64. To the extent that the allegations contained in Paragraph 64 of the Complaint seek to interpret the Policy, Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln further admits only that its decisions on Plaintiff's claim for benefits were based on the administrative record upon which Plaintiff's claim for LTD benefits from the Plan under the Policy was evaluated by Lincoln and that such decisions are governed by the terms of the Policy. Lincoln

denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 64 of the Complaint.

65. To the extent that the allegations contained in Paragraph 65 of the Complaint seek to interpret the Policy, Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln further admits only that its decisions on Plaintiff's claim for benefits were based on the administrative record upon which Plaintiff's claim for LTD benefits from the Plan under the Policy was evaluated by Lincoln and that such decisions are governed by the terms of the Policy. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 65 of the Complaint.

66. To the extent that the allegations contained in Paragraph 66 of the Complaint seek to interpret the Policy, Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln further admits only that its decisions on Plaintiff's claim for benefits were based on the administrative record upon which Plaintiff's claim for LTD benefits from the Plan under the Policy was evaluated by Lincoln and that such decisions are governed by the terms of the Policy. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for

benefits and denies all remaining allegations contained in Paragraph 66 of the Complaint.

67. To the extent that the allegations contained in Paragraph 67 of the Complaint seek to interpret the Policy, Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln further admits only that its decisions on Plaintiff's claim for benefits were based on the administrative record upon which Plaintiff's claim for LTD benefits from the Plan under the Policy was evaluated by Lincoln and that such decisions are governed by the terms of the Policy. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 67 of the Complaint.

68. Lincoln admits only that its decisions on Plaintiff's claim for benefits were based on the administrative record upon which Plaintiff's claim for LTD benefits from the Plan under the Policy was evaluated by Lincoln and that such decisions are governed by the terms of the Policy. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 68 of the Complaint.

69. Lincoln admits that documents containing medical complaints and treatment of Plaintiff are contained in the administrative record upon which Plaintiff's claim for LTD benefits from the Plan under the Policy was evaluated by

Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 69 of the Complaint.

70. Lincoln admits that documents containing medical complaints and treatment of Plaintiff are contained in the administrative record upon which Plaintiff's claim for LTD benefits from the Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 70 of the Complaint.

71. Lincoln admits only that its decisions on Plaintiff's claim for benefits were based on the administrative record upon which Plaintiff's claim for LTD benefits from the Plan under the Policy was evaluated by Lincoln and that such decisions are governed by the terms of the Policy. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 71 of the Complaint.

72. Lincoln admits only that its decisions on Plaintiff's claim for benefits were based on the administrative record upon which Plaintiff's claim for LTD benefits from the Plan under the Policy was evaluated by Lincoln and that such decisions are governed by the terms of the Policy. Lincoln denies that it violated

any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 72 of the Complaint.

73. Lincoln admits that its decisions on Plaintiff's claim for benefits were based on the administrative record upon which Plaintiff's claim for LTD benefits from the Plan under the Policy was evaluated by Lincoln and that such decisions are governed by the terms of the Policy. Lincoln admits that physician peer reviews are contained in the administrative record upon which Plaintiff's claim for LTD benefits from the Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 73 of the Complaint.

74. Lincoln admits that its decisions on Plaintiff's claim for benefits were based on the administrative record upon which Plaintiff's claim for LTD benefits from the Plan under the Policy was evaluated by Lincoln and that such decisions are governed by the terms of the Policy. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 74 of the Complaint.

75. Lincoln admits that its decisions on Plaintiff's claim for benefits were based on the administrative record upon which Plaintiff's claim for LTD benefits

from the Plan under the Policy was evaluated by Lincoln and that such decisions are governed by the terms of the Policy. Lincoln admits that physician peer reviews are contained in the administrative record upon which Plaintiff's claim for LTD benefits from the Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 75 of the Complaint.

76. Lincoln admits that physician peer reviews are contained in the administrative record upon which Plaintiff's claim for LTD benefits from the Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 76 of the Complaint.

77. Lincoln admits only that its decisions on Plaintiff's claim for benefits were based on the administrative record upon which Plaintiff's claim for LTD benefits from the Plan under the Policy was evaluated by Lincoln and that such decisions are governed by the terms of the Policy. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 77 of the Complaint.

78. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 78 of the Complaint.

79. Lincoln denies the allegations contained in Paragraph 79 of the Complaint.

80. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 80 of the Complaint.

81. Lincoln denies the allegations contained in Paragraph 81 of the Complaint.

82. Lincoln denies the allegations contained in Paragraph 82 of the Complaint.

83. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 78 of the Complaint.

84. Lincoln admits only that its decisions on Plaintiff's claim for benefits were based on the administrative record upon which Plaintiff's claim for LTD benefits from the Plan under the Policy was evaluated by Lincoln and that such decisions are governed by the terms of the Policy. Lincoln denies that it violated

any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 84 of the Complaint.

85. Lincoln admits that occupational analysis/vocational assessments are contained in the administrative record upon which Plaintiff's claim for LTD benefits from the Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 85 of the Complaint.

86. Lincoln admits that occupational analysis/vocational assessments are contained in the administrative record upon which Plaintiff's claim for LTD benefits from the Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 86 of the Complaint.

87. Lincoln admits that occupational analysis/vocational assessments are contained in the administrative record upon which Plaintiff's claim for LTD benefits from the Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 87 of the Complaint.

88. Lincoln admits that it sent letters to Plaintiff dated May 27, 2025, October 21, 2025, and March 24, 2026, and Lincoln refers to the letters themselves as the best evidence of their contents. Lincoln denies all remaining allegations contained in Paragraph 88 of the Complaint.

89. Lincoln admits that it sent letters to Plaintiff dated May 27, 2025, October 21, 2025, and March 24, 2026, and Lincoln refers to the letters themselves as the best evidence of their contents. Lincoln denies all remaining allegations contained in Paragraph 89 of the Complaint.

90. Lincoln admits that documents containing medical complaints and treatment of Plaintiff are contained in the administrative record upon which Plaintiff's claim for LTD benefits from the Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 90 of the Complaint.

91. Lincoln admits that it sent letters to Plaintiff dated May 27, 2025, October 21, 2025, and March 24, 2026, and Lincoln refers to the letters themselves as the best evidence of their contents. Lincoln denies all remaining allegations contained in Paragraph 91 of the Complaint.

92. Lincoln denies the allegations contained in Paragraph 92 of the Complaint.

93. Lincoln admits that occupational analysis/vocational assessments are contained in the administrative record upon which Plaintiff's claim for LTD benefits from the Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 93 of the Complaint.

94. Lincoln admits that occupational analysis/vocational assessments are contained in the administrative record upon which Plaintiff's claim for LTD benefits from the Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 94 of the Complaint.

95. Lincoln admits that occupational analysis/vocational assessments are contained in the administrative record upon which Plaintiff's claim for LTD benefits from the Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 95 of the Complaint.

96. Lincoln admits that occupational analysis/vocational assessments are contained in the administrative record upon which Plaintiff's claim for LTD

benefits from the Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 96 of the Complaint.

97. Lincoln admits that occupational analysis/vocational assessments are contained in the administrative record upon which Plaintiff's claim for LTD benefits from the Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 97 of the Complaint.

98. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 98 of the Complaint.

99. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 99 of the Complaint.

100. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 100 of the Complaint.

101. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 101 of the Complaint.

102. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 102 of the Complaint.

103. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 103 of the Complaint.

104. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 104 of the Complaint.

105. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 105 of the Complaint.

106. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 106 of the Complaint.

107. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 107 of the Complaint.

108. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 108 of the Complaint.

109. Lincoln admits that documents containing medical complaints and treatment of Plaintiff are contained in the administrative record upon which Plaintiff's claim for LTD benefits from the Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln further admits only that its decisions on Plaintiff's claim for benefits were based on the administrative record upon which Plaintiff's claim for LTD benefits from the Plan under the Policy was evaluated by Lincoln and that such decisions are governed by the terms of the Policy. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 109 of the Complaint.

110. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 110 of the Complaint.

111. Lincoln admits only that its decisions on Plaintiff's claim for benefits were based on the administrative record upon which Plaintiff's claim for LTD benefits from the Plan under the Policy was evaluated by Lincoln and that such decisions are governed by the terms of the Policy. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 111 of the Complaint.

112. To the extent that the allegations contained in Paragraph 112 of the Complaint seek to interpret the Policy, Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 112 of the Complaint.

113. Lincoln admits only that its decisions on Plaintiff's claim for benefits were based on the administrative record upon which Plaintiff's claim for LTD benefits from the Plan under the Policy was evaluated by Lincoln and that such decisions are governed by the terms of the Policy. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 113 of the Complaint.

114. Lincoln admits only that its decisions on Plaintiff's claim for long-term disability benefits were based on the administrative record upon which Plaintiff's claim for LTD benefits from the Plan under the Policy was evaluated by Lincoln and that such decisions are governed by the terms of the Policy. Lincoln

denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 114 of the Complaint.

115. Lincoln admits only that its decisions on Plaintiff's claim for benefits were based on the administrative record upon which Plaintiff's claim for LTD benefits from the Plan under the Policy was evaluated by Lincoln and that such decisions are governed by the terms of the Policy. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 115 of the Complaint.

116. Lincoln admits only that its decisions on Plaintiff's claim for benefits were based on the administrative record upon which Plaintiff's claim for LTD benefits from the Plan under the Policy was evaluated by Lincoln and that such decisions are governed by the terms of the Policy. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 116 of the Complaint.

117. Lincoln incorporates its responses to Paragraphs 1-116 by reference as if fully set forth herein.

118. Lincoln denies the allegations contained in Paragraph 118 of the Complaint.

119. Lincoln denies the allegations contained in Paragraph 119 of the Complaint.

120. Lincoln denies the allegations contained in Paragraph 120 of the Complaint.

121. Lincoln denies the allegations contained in Paragraph 121 of the Complaint.

122. Lincoln denies that Plaintiff is entitled to the relief sought in the Prayer of the Complaint, including Paragraphs A-F thereunder.

Unless specifically admitted herein, Lincoln denies each and every allegation of the Complaint.

**FOR A SECOND DEFENSE**

123. The claim and appeal determinations in this matter were reasonable and were not arbitrary and capricious or an abuse of discretion under ERISA.

**FOR A THIRD DEFENSE**

124. Some or all of the claims asserted or relief sought by Plaintiff in the Complaint are barred by the doctrines of laches, waiver, estoppel, unclean hands, and/or failure to fulfill conditions precedent under the terms of the applicable plans because of Plaintiff's failure to submit all relevant documents in support of Plaintiff's claim and appeals and/or failure to comply with other plan requirements.

**FOR A FOURTH DEFENSE**

125. Plaintiff's claim for recovery of benefits is subject, in whole or in part, to an offset pursuant to the terms of the document governing the long-term disability plan, resulting from Plaintiff's receipt of benefits from other income, including, but not limited to, income earned by Plaintiff, retirement income received by Plaintiff, and the disability benefits Plaintiff received from the Social Security Administration on Plaintiff's own or Plaintiff's dependent(s)'s behalf.

**FOR A FIFTH DEFENSE**

126. Plaintiff has failed to exhaust administrative remedies regarding any specific claims, issues, or rationales that Plaintiff failed to raise in support of Plaintiff's claim or during the administrative review process.

**FOR A SIXTH DEFENSE**

127. Based on the appropriateness of the denial and the lack of any improper conduct by Lincoln, Lincoln requests that the Court order its attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g) of ERISA.

**FOR A SEVENTH DEFENSE**

128. Plaintiff's claim against Lincoln is barred to the extent that Plaintiff failed to file this action within the applicable legal and/or contractual statute of limitations period.

**FOR AN EIGHTH DEFENSE**

129. To the extent that Plaintiff's request constitutes a claim for breach of fiduciary duty under Section 502(a) of ERISA, the Complaint fails to state a claim upon which relief may be granted as a matter of law due to the availability of a claim for recovery of benefits under Section 502(a)(1)(B) of ERISA.

**FOR A NINTH DEFENSE**

130. Plaintiff has failed to state a claim upon which relief can be granted.

**FOR A TENTH DEFENSE**

131. To the extent that any of Plaintiff's causes of action asserts state or federal claims that are not based on ERISA, they are preempted by ERISA.

**FOR AN ELEVENTH DEFENSE**

132. Lincoln reserves the right to assert additional defenses.

WHEREFORE, Lincoln prays that the Court enter judgment that Plaintiff recovers nothing by this action, that Lincoln be awarded its attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g), and that Lincoln be awarded such other and further relief to which it may show itself entitled.

Dated this 21st day of July 2026.

Respectfully submitted,

/s/ *Matthew W. Robinett*
Matthew W. Robinett
ASB-3523-I72M

NORMAN, WOOD, KENDRICK & TURNER
Ridge Park Place, Suite 3000
1130 22nd Street South
Birmingham, AL 35205
Telephone: (205) 328-6643
Facsimile: (205) 251-5479
Email: mrobinett@nwkt.com

*- And -*

Iwana Rademaekers, Esq.
(*Pro Hac Vice Motion Pending*)
Texas Bar No. 16452560
Attorney for Defendant
LAW OFFICES OF IWANA
RADEMAEKERS, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that on this, the 21st day of July 2026, I electronically filed the foregoing with the Clerk of the Court utilizing the CM/ECF system which will send notification of such filing to counsel for the following parties:

Marcellus Payne
Email: marcellus.payne@gmail.com
*Pro Se*

s/ *Matthew W. Robinett*
Of Counsel