FILED
2026 Jul-30 PM 05:04
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **MARCELLUS PAYNE,** | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| **v.** | } | **Case No.: 2:26-cv-644-ACA** |
| | } | |
| **THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,** | } | |
| | } | |
| **Defendant.** | | |

## INITIAL ORDER IN ERISA BENEFITS CASES

The above-styled case appears to make a claim for benefits and/or other relief under the Employee Retirement Income Security Act ("ERISA"). It therefore requires specialized treatment. **On or before September 29, 2026**, the parties **SHALL** file a joint report, under Federal Rule of Civil Procedure 26(f), which states their respective positions as to the following questions:

(1) If plaintiff has named more than one defendant, do the defendants agree that a particular named defendant, or a third-party who is not a defendant, is the single entity responsible for the alleged ERISA violation or violations? If so, name that entity.

(2) Provide the court with an electronic and paper copy of the administrative record as it presently exists, including the plan document and the summary plan description. Are the parties in agreement about the accuracy and completeness of the administrative record as it presently exists? If the parties disagree about the accuracy or completeness of the current administrative record, what is the basis for their disagreement?

(3) If the court finds monetary liability, do the parties agree on the amount due, taking into consideration any offsets? If so, state the amount. If not, each party **SHALL** explain the amount it proposes.

(4) Does plaintiff seek benefits only pursuant to 29 U.S.C. § 1132(a)(1)(B), or does plaintiff seek relief pursuant to 29 U.S.C. § 1132(a)(3)?

(5) Do the parties agree that the case should be decided on the administrative record alone? If not, what additional presently available evidence should be considered, and why?

(6) If any party believes that discovery beyond the administrative record will be needed, describe the nature of such evidence, and how the party proposes to obtain it.

(7) What is the proper standard of review, and why?

(8) If any defendant relies upon a discretionary clause in the plan, does Plaintiff concede that the clause meets the *Bruch* standard? If not, why?

(9) Did any decision-maker whose decision is contested, operate under a structural conflict-of-interest?

(10) If any defendant interposes a defense of plaintiff's alleged failure to exhaust administrative remedies, what does the alleged failure consists of?

(11) Is this case subject to remand of the dispute to the plan administrator, or other decision-making entity? If not, explain why?

(12) Does plaintiff claim any procedural shortcoming by defendant or defendants that may affect liability? If so, describe.

(13) Has the Social Security Administration been involved in any way in the subject-matter of the case? If so, describe that involvement in detail along with the result.

(14) Does plaintiff complain about the decision-maker's interpretation of the plan language? If so, what is the difference in interpretation between the parties?

(15) Does plaintiff complain about any of the plan administrator's findings of fact (in contrast to conclusions reached upon such facts)? If so, in what respects?

(16) Does any party believe that the liability question cannot be finally disposed of upon cross-motions by the parties on a written record? If not, explain why in detail.

(17) When should the case be ready for a final disposition, whether upon cross-motions or upon bench trial?

(18) Does any party desire mediation?

Upon receipt of the parties' joint report, the court will set this case for a scheduling conference by separate order.

**DONE** and **ORDERED** this July 30, 2026.

**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE